IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KENDALL ALLEN FOREMAN**                                                    PLAINTIFF

V.                                    CASE NO. 5:19-CV-05215

**JOEL NEECE; SHANNON NEECE;
DENA TRIPP; and PIGTOWN BAKERY,
INC. a/k/a NOTHING BUNDT CAKES, LLC**                          DEFENDANTS

## OPINION AND ORDER

Now pending before the Court are Defendant Dena Tripp's Motion for Summary Judgment (Doc. 23) and Memorandum in Support (Doc. 25). Plaintiff Kendall Allen Foreman ("Mr. Foreman") has filed no response in opposition. Mr. Foreman's complaint alleges disability discrimination under Title VII of the Civil Rights Act ("Title VII") and the American with Disabilities Act ("ADA"). Mr. Foreman has named as Defendants Joel Neece, Shannon Neece, Dena Tripp ("Ms. Tripp"), and Pigtown Bakery, Inc. a/ka/ Nothing Bundt Cakes, LLC.

On February 18, 2020, Ms. Tripp filed her motion for summary judgment, arguing that the claims against her should be dismissed because she was never Mr. Foreman's employer, and liability under Title VII and the ADA only attaches to employers. Moreover, she argues that Mr. Foreman did not exhaust his administrative remedies.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Subpart (a) to Rule 56 provides that summary judgment should be

1

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, the Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1998). However, if a party fails to respond to a motion for summary judgment, the reviewing court is still obligated to address the merits of the motion and may not rule automatically in the movant's favor. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005), *cert. denied*, 549 U.S. 865 (2006); *United States v. One Parcel of Real Prop.*, 27 F.3d 327, 329 n.1 (8th Cir. 1994); *Canada*, 135 F.3d at 1213 ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive.").

Having reviewed Defendant's motion, brief, statement of facts, and the affidavits, the Court finds that summary judgment is appropriate in this case. Generally, individuals are not subject to liability under Title VII or the ADA. *See Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000) ("[s]upervisors may not be held individually liable under Title VII"); *Davis v. Kimbel Mech. Sys., Inc.*, 2016 WL 8737495, at *2 (W.D. Ark. Sept. 16, 2016) (holding that individuals are not subject to liability under the ADA). Liability under Title VII or the ADA can only attach to employers. *See Davis*, 2016 WL 8737495, at *2. Because Mr. Foreman filed no opposition, the Court finds that there is no genuine dispute of fact. Moreover, the evidence before the Court indicates that Ms. Tripp was not Mr. Foreman's employer. (Doc. 22; Doc. 24, ¶ 3). Accordingly, the Court finds that Ms. Tripp cannot be held liable under either Title VII or the ADA. Lastly, because the Court finds

that Ms. Tripp cannot be held liable individually under Title VII or ADA, it is unnecessary to delve into the merits of her argument concerning exhaustion of administrative remedies.

**IT IS THEREFORE ORDERED** that Ms. Tripp's Motion for Summary Judgment (Doc. 23) is **GRANTED**, and Plaintiff's claims against Ms. Tripp are **DISMISSED WITH PREJUDICE**. The Clerk is **ORDERED** to terminate Ms. Tripp as a party to this matter.

**IT IS SO ORDERED** on this 10th day of March, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE